PRIESS v. WALDO, Police Com'r.

(Supreme Court, Appellate Division, First Department.   October 25, 1912.)

MUNICIPAL CORPORATIONS (§ 186*)—POLICE DEPARTMENT—POLICE MATRON—SALARY—GREATER NEW YORK CHARTER.

Laws 1899, c. 674, amending Greater New York Charter (Laws 1897, c. 378), by adding sections 372–381, provides for the appointment of police matrons, who section 375 declares shall receive the same salary as the doorman in the station house to which they may be appointed. Charter, § 299, fixes the salary of doormen at $1,000 a year. By Laws 1912, c. 449, section 276 of the charter was amended to abolish the rank of doorman, providing that thereafter a doorman should have all the rights and privileges of patrolmen, and that time served as doormen should for all purposes count as if served as patrolmen. *Held*, that the act of 1912 did not increase the salary of police matrons, nor did it entitle the police matron to receive the salary of a patrolman.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 510–517; Dec. Dig. § 186.*]

Appeal from Special Term, New York County.

In the matter of the application of Adele D. Priess for a writ of mandamus against Rhinelander Waldo, as Police Commissioner of the City of New York. From an order directing the issuance of a peremptory writ, respondent appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Terence Farley, of New York City, for appellant.

Willoughby B. Dobbs, of New York City, for respondent.

McLAUGHLIN, J.   This appeal is from an order granting a peremptory writ of mandamus directing the police commissioner of the city of New York to place the name of the respondent, a police matron, upon the pay rolls of the department at a salary of $1,400 per year.

The relator was appointed in 1896 to the position of a police matron, and is still serving as such. Chapter 674 of the Laws of 1899 amended the Greater New York Charter by adding to it 10 new sections, 372 to 381, both inclusive. They provide for the appointment of a certain number of police matrons, who are to be members of the uniformed police force. Section 375 provides the salary that such matrons shall receive, viz.:

"A police matron shall receive the same salary as the doorman in the station house to which she may be appointed."

Section 276 of the Charter (chapter 378, Laws of 1897) provided for the appointment of a doorman of police, who was also a member of the uniformed force, not exceeding 2 in number to each 50 of the

total number of patrolmen; and section 299 fixed the salary of each doorman at $1,000 per year. The respondent, since the passage of the act of 1899, has received the same salary as a doorman, $1,000 per year. Chapter 449 of the Laws of 1912, which went into effect on the 16th of April, 1912, amended section 276 of the Charter by omitting the words "doorman of police, not exceeding two in number to each fifty of the total number of patrolmen," and adding the following at the end of that section:

"The rank or grade of doormen of police is abolished and the doormen of police now in office shall become and have all the rights and privileges of patrolmen. Time served as doorman shall, for all purposes, count as if served for patrolman."

The respondent contends that by virtue of the amendment of 1912 her salary has been raised to that of a patrolman who has served an equal length of time, viz., $1,400 per year. This was the view entertained by the court at Special Term in granting an order directing that a peremptory writ of mandamus issue to compel the police commissioner to place her name on the pay roll as receiving that amount.

I am clearly of the opinion that the respondent is not entitled to a salary in excess of $1,000 per year. The salary of a doorman, although the position has been abolished, is still preserved by section 299 of the Charter, and this is the only provision which entitles her to any salary at all. Section 375 of the Charter still provides that a police matron shall receive the same salary as a doorman, not that of a patrolman. Unless this section providing for her salary is in force, there is no statute which entitles her to a salary.

In Tyrrell v. Mayor, 159 N. Y. 239, 53 N. E. 1111, the court said:

"If a statute which appropriates or authorizes the appropriation of money for the payment of a salary to a public officer or employé is indefinite, so that it is uncertain whether the Legislature intended to devote a larger or a smaller sum to that purpose, the doubt should be resolved by adopting the smaller amount, as the interest of the public, other things being equal, is superior to that of an individual."

There is nothing in the act of 1912 which indicates in any way an intent of the Legislature to increase the salary of a police matron. The respondent's contention is based upon the assumption that the salary of a doorman was increased by that act. This is an erroneous view of the statute. The salary of a doorman was not increased; on the contrary, the position of doorman was abolished, and the doormen were placed in another rank, viz., patrolmen, and as such may be required to do patrol duty.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.